**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-11054

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO PUGA,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(3:95-CR-131-T)

August 8, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Francisco Puga appeals his sentence following his guilty plea to conspiring and aiding and abetting the conspiracy to commit interstate theft by carrier and breaking the seal of carrier. The Government argues that Puga waived his right to appeal his sentence on the ground raised. Because neither party submitted a transcript

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

of the guilty plea hearing, this court will not address the question of waiver and will address the merits. *See United States v. Portillo,* 18 F.3d 290, 293 (5th Cir.), *cert. denied,* ___ U.S. ___, 115 S. Ct. 244, 130 L. Ed. 2d. 166 (1994).

Puga argues that the district court erred in finding that his prior state convictions were "unrelated" and that they therefore counted separately under § 4A1.2 of the Sentencing Guidelines in determining his criminal history score. Puga's argument is without merit, for he has only demonstrated that the convictions resulted in concurrent sentences. He has failed to provide any proof that the cases were consolidated, as he argues. *See United States v. Fitzhugh,* 984 F.2d 143, 147 (5th Cir.), *cert. denied,* 510 U.S. 895, 114 S. Ct. 259, 126 L. Ed. 2d 211 (1993) (stating that fact that prior convictions resulted in concurrent sentences is not enough by itself to establish that cases are "related" for purposes of U.S.S.G. § 4A1.2); *United States v. Castro-Perpia,* 932 F.2d 364, 366 (5th Cir. 1991) (same).

For the foregoing reasons, we AFFIRM Puga's sentence.